NOT DESIGNATED FOR PUBLICATION

No. 117,859

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATASHA D. PETERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed December 22, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Natasha Peters appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. Peters contends the district court should've given her another chance at probation rather than send her to prison.

But Peters admitted to the district court that she committed nine new criminal offenses while on probation. These new offenses gave the district court the discretion to send her to prison. We find no abuse of discretion in the district court's decision to do so.

Peters was charged with one count of identity theft and two counts of forgery in August 2015. As part of a plea deal, Peters pleaded guilty to two counts of forgery, and

the State dismissed the charge of identity theft. In July 2016 Peters was sentenced to an 18-month term of probation, with an underlying sentence of 15 months that she would have to serve if she didn't successfully complete her probation.

In October 2016 Peters was charged with violating her probation. The State asserted that Peters failed to get a mandatory drug-and-alcohol evaluation, failed to submit to a drug-screening test, missed meetings with her court-services officer, and failed to pay restitution. The State also alleged that Peters committed several new offenses while on probation—aggravated escape, battery of a law enforcement officer, criminal damage to property, battery, theft, driving while suspended, failure to have insurance, interference with a law-enforcement officer, and identify theft. Peters admitted to all the violations. The court revoked her probation and ordered her to serve a modified prison sentence of 7 months (in place of the initial 15-month sentence). Peters argues that the court should've put her back on probation.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, which generally requires the court to use intermediate sanctions (like a short stay in jail) before imposing the prison term for probation violations.

But that statute's provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence doesn't apply once the court finds that the defendant has committed a new offense. See K.S.A. 2016 Supp. 22-3716(c)(8). Peters didn't just commit one new offense—she committed many. Accordingly, we review the district court's decision in Peters' case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no

reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. While on probation, Peters committed nine new offenses and failed to comply with her probation terms in several other important respects. A reasonable person could agree with the district court's decision to impose the prison sentence.

On Peters' motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Peters' probation.

The district court's judgment is therefore affirmed.